# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:07-CV-339-FDW-DCK

| | |
|---|---|
| **CLEAR BLUE, INCORPORATED,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CLEAR!BLUE, LLC,** )<br>)<br>**Defendant.** )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Clear!Blue, Inc.'s Motion To Extend Mediation Deadline" (Document No. 28) filed May 14, 2008. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and immediate review is appropriate.

This matter is governed by the "Standing Order Governing Civil Case Management Before The Honorable Frank D. Whitney" (3:07-MC-47 (Document No. 2)). Judge Whitney's "Initial Scheduling Order" (which was issued in this matter on August 16, 2007) provides in pertinent part as follows:

> Extensions of time to serve pleadings shall not be granted except by leave of court for good cause shown (consent of opposing counsel alone is not sufficient). Absent extraordinary circumstances, no party shall receive more than one extension of time to serve a pleading, with any such extension being no more than twenty (20) days in duration. ... Any motion to extend the foregoing time... shall be filed immediately upon counsel learning of the need for the same and in any event no fewer than three (3) <u>business</u> days in advance of the filing deadline sought to be modified. The moving party must show consultation with opposing counsel regarding the requested extension and must inform the Court of the views of opposing counsel on the request. If a party fails to make the requisite showing, the Court will summarily deny the request for extension. Any motion for an extensions must also be accompanied by a separately submitted proposed form of order.

Having fully considered the motion and the record, notwithstanding the observations below, the undersigned will <u>grant</u> the requested extension of time to conduct mediation.

Plaintiff's instant motion is related to the Defendant's previous motion to modify the pretrial order (Document No. 25), which was respectfully denied by the undersigned. The instant motion relates only to the mediation deadline and was filed one (1) day before mediation was due to be completed. As such, under the explicit terms of Judge Whitney's order, this motion – like the last one – is untimely. Furthermore, the motion itself fails to indicate the views of opposing counsel, also in violation of Judge Whitney's order. The motion does include attachments that suggest numerous attempts by Plaintiff to identify a mediator and to schedule a mediation.

On the whole, the record indicates a continuing lack of attention by counsel to both the Local Rules of this district, and to this case's "Pretrial Order And Case Management Plan." Local Rule 16.2 requires a mediated settlement conference, and the case management plan for this case required that such mediation be completed and the results reported by May 15, 2008. Apparently, as of the filing of this Order, the parties *have not yet agreed upon a mediator.*

Nevertheless, in the interests of a just resolution to this matter for the parties, the undersigned will allow the requested extension of time to conduct mediation. The parties are respectfully reminded again to carefully adhere to the Local Rules and the case management plan for the balance of this litigation.

**IT IS, THEREFORE, ORDERED** that "Clear!Blue, Inc.'s Motion To Extend Mediation Deadline" (Document No. 28) is **GRANTED**; the parties shall participate in a mediated settlement conference and report the results by **June 16, 2008**.

**IT IS FURTHER ORDERED** that the parties shall jointly file a report with the Court on

the identity of the mediator, and the date set for the mediation, on or before **May 22, 2008**.

**SO ORDERED.**

Signed: May 15, 2008

David C. Keesler
United States Magistrate Judge