# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:07-cv-00339-W

| | |
|---|---|
| CLEAR BLUE, INCORPORATED, a North Carolina corporation, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CLEAR!BLUE, INC., a Michigan limited liability company (sued as "CLEAR!BLUE, INC., a Michigan corporation"), )<br>)<br>Defendant. ) | ORDER |

THE MATTER is before the Court on the parties' motions for summary judgment (Docs. Nos. 35, 37). Following a hearing on the motions, the Court issued an oral ruling in open Court denying both motions for summary judgment in part and taking under advisement the issue of whether laches barred Plaintiff's claim for money damages for Defendant's alleged trademark infringement. After reviewing the supplemental briefs on this issue, as well as the relevant evidence and case law, the Court DENIES Defendant's motion for summary judgment based on its asserted defense of laches.

The issue before the Court is not novel, and Fourth Circuit case of Sara Lee Corp. v. Kayser-Roth Corp., 81 F.3d 455 (4th Cir. 1996), provides clear guidance for the Court:

> In a trademark case, courts may apply the doctrine of estoppel by laches to deny relief to a plaintiff who, though having knowledge of an infringement, has, to the detriment of the defendant, unreasonably delayed in seeking redress. See 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 31.02 (3d ed.1995) ("Estoppel by laches [is] defined as that type of delay in filing suit which causes prejudice to defendant and when weighed with all other relevant equitable factors, results in a bar to relief, either injunctive or monetary, or both.") (citation and internal quotation marks omitted).

Id. at 461.  Application of the laches doctrine in the case at bar could, in effect, bar Plaintiff's claims for damages if the evidence shows that Plaintiff acquiesced to Defendant's use of the Clear Blue mark.  Id.; see also Skippy, Inc. v. CPC Int'l, Inc., 674 F.2d 209, 212 (4th Cir.) ("While the availability of laches as a defense to claims for injunctive relief may be limited . . . laches will bar a claim for damages for bad faith infringement.") (citations omitted), cert. denied, 459 U.S. 969 (1982).  In order for Defendant to prevail on this defense, the evidence must show: (1) Plaintiff, as owner of the trademark, knew of Defendant's infringing use; (2) Plaintiff's delay was inexcusable or unreasonable; and (3) Defendant has been unduly prejudiced by Plaintiff's delay.  Brittingham v. Jenkins, 914 F.2d 447, 456 (4th Cir.1990).

Assuming arguendo that a four year statute of limitations applies to the laches analysis, see generally Lyons Partnership, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 797 (4th Cir. 2001), the Court finds that the evidence shows that during at least the four years prior to filing this action, Plaintiff did not acquiesce or otherwise sleep on its rights.   As to the first prong of the Court's analysis, the parties agree that Plaintiff became aware of Defendant's infringing use as early as June 14, 2003, when Plaintiff's counsel sent a cease-and-desist letter to Defendant.  The analysis, however, does not end there.  The evidence unequivocally shows that the parties continued to negotiate, which culminated in Defendant proposing a concurrent use agreement as late as June 2004.  Moreover, during this time period, the United States Patent and Trademark Office rejected Defendant's application to register its mark, and importantly, Defendant continued to represent to Plaintiff that it was engaged in a different business than Plaintiff.  Other than the one instance in 2003, Plaintiff did not become aware of any new instances of confusion until some time in 2006.

The instant action was filed August 16, 2007. Plaintiff, by waiting until Defendant expanded its business and use of the Clear Blue mark, chose to delay its pursuit of a remedy until it had evidence of more than one instance to show likelihood of confusion and until its right to protection had clearly ripened. See Sara Lee Corp., 81 F.3d at 462 (holding that the plaintiff's delay for similar reasons was not unreasonable).

Therefore, based on the parties' ongoing negotiations and discussions, as well as Plaintiff's reliance on the initial decision by the United States Patent and Trademark Office and Defendant's own representations as to the unique nature of its business, the Court concludes that any delay in filing the case at bar was not unreasonable. Because Defendant cannot satisfy the second prong of the analysis, the Court need not reach the third prong. The Court, however, notes that Defendant has failed to set forth any convincing argument that it has been unduly prejudiced by Plaintiff's delay. Accordingly, the Court holds that under these facts, Defendant's assertion of the laches defense does not bar Plaintiff's claim for monetary damages because the evidence is insufficient to show that any delay by Plaintiff was unreasonable.

Finally, as to a few scheduling issues remaining in the case, the Court has already informed counsel and the parties that this matter shall proceed with jury selection and trial on September 29, 2008. As such, a pretrial conference shall be conducted on 2:00 on Thursday, September 25, 2008, in Courtroom #1 of the Charles R. Jonas Building. Pretrial submissions, as described under the Court's previous orders in this matter, shall be due seven (7) calendar days before the pretrial conference.

IT IS THEREFORE ORDERED that for the reasons stated in the Court's oral ruling and for the reasons stated herein, the parties' motions for summary judgment (Docs. Nos. 35, 37) are DENIED. The Clerk's Office is DIRECTED to set a pretrial hearing on the calendar of the undersigned for 2:00 p.m. on Thursday, September 25, 2008. The parties are ORDERED to submit their joint proposed pretrial order and other pretrial submissions accordingly.

IT IS SO ORDERED.

Signed: August 29, 2008

Frank D. Whitney
United States District Judge