# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## DOCKET NO. 3:07-cv-00339-W

| | |
|---|---|
| CLEAR BLUE, INCORPORATED, a North Carolina corporation, ) ) ) Plaintiff, ) ) vs. ) ) CLEAR!BLUE, INC., a Michigan limited ) liability company (sued as "CLEAR!BLUE, ) INC., a Michigan corporation"), ) ) Defendant. ) ) | **PARTIAL FINAL JUDGMENT AND PERMANENT INJUNCTION** |

THIS MATTER is before the Court on Plaintiff's Motion for Entry of Judgment (Doc. No. 68). For the reasons stated in Plaintiff's motion, it is GRANTED as set forth herein.

The Defendants Clear!Blue, Inc. and Clear!Blue, LLC, f/k/a Clear!Blue, Inc. ("Defendants") having conceded and stipulated on the record in open court, on September 25, 2008, that they have infringed and are liable for infringement of the Plaintiff's United States Trademark Registration Nos. 2,629,966 and 2,629,966 for CLEAR BLUE and CLEAR BLUE + DESIGN (hereafter "Clear Blue Marks"), respectively; and it appearing that good cause exists for entry of a Partial Final Judgment and Permanent Injunction without delay to which Plaintiff may be entitled, the Court hereby enters this Partial Final Judgment and Permanent Injunction:

1. This is an action for, *inter alia*, trademark infringement and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, and 1114(1), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), and for trademark and trade name infringement.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367(a).

3. The Defendants have been duly served with Summonses and Complaint in this action and the Court has personal jurisdiction over the Defendants.

4. The Plaintiff will sustain irreparable harm from any continuing infringement of the Clear Blue Marks by the Defendants.

5. Judgment is hereby entered in favor of Plaintiff Clear Blue, Incorporated, and against each of the Defendants on Plaintiff's claims of trademark and trade name infringement, as follows:

    a. None of the Defendants have any right, title or interest in or to the Clear Blue Marks, or any marks confusingly similar thereto.

    b. None of the Defendants have any right to license or offer to license the Clear Blue Marks, or any marks confusingly similar thereto, or to identify themselves in any way as a business entity having the right to use, in whole or in part, the Clear Blue Marks, or any marks confusingly similar thereto, beginning twenty-one (21) calendar days from the date of this Judgment.

    c. Each of the Defendants, as well as their officers, directors, principals, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliates and all those acting on their behalf or in concert or in participation with them, shall be and hereby are, beginning twenty-one (21) calendar days from the date of this Judgment and except as may be modified by further order of this Court, are permanently enjoined from engaging in the following acts:

        (I) using the Clear Blue Marks, whether in whole or in part and regardless of

     other terms that may be included, or any mark, trade name, term, word or designation that is confusingly to or dilutes the Clear Blue Marks in connection with any commercial activity of the Defendants or either of them, except as it relates to "experiential marketing," which exclusively includes only those types of activities identified in the United States Trademark Registration No. 3,030,978, specifically "Communication Services; namely, delivering and transmitting live event content and streamed sound and audio-visual recordings via live presentation, remote video conferencing webcasting, and the internet for strategic events in Class 38 (U.S. CLS. 100, 101 AND 104);" and

  (ii) assisting, aiding, or abetting any other person or entity in engaging in or performing any activities referred to in paragraph (i) above.

6. The Defendants hereby waive in this proceeding, including without limitation in any proceedings brought to enforce or interpret this Partial Final Judgment and Permanent Injunction, and in any future proceedings between the parties, any and all defenses or claims that could have been asserted by the Defendants against Plaintiff, including without limitation any and all defenses, claims or contentions that Plaintiff's Clear Blue Marks are invalid, unenforceable or that any person or other entity other than Plaintiff has superior rights in the Clear Blue Marks.

7. Nothing in this Partial Final Judgment and Permanent Injunction is intended to waive, limit, or restrict the ability of Plaintiff to seek, obtain by trial, and execute a monetary recovery against the Defendants. Additionally, nothing in this Partial Final Judgment and Permanent Injunction is intended to waive, limit, or restrict the ability of Defendant to defend itself against

Plaintiff's requested remedies for monetary relief, damages, an award of Defendant's profits, as well as claims for attorneys' fees and costs under Fed.R.Civ.P. 54(d) and/or as may be otherwise requested as relief in Plaintiff's Amended Complaint, except as to the injunctive relief as granted herein or that may be granted by further order of this Court.

8. This Court shall retain jurisdiction for the purpose of enforcing, interpreting, and/or modifying this Partial Final Judgment and Permanent Injunction, and to determine any issues which may arise concerning this Partial Final Judgment and Permanent Injunction.

9. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no just reason for delay in entry of this Judgment. This Judgment is final as to the scope expressly provided for herein.

**IT IS SO ORDERED.**

Signed: September 30, 2008

Frank D. Whitney
United States District Judge