# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:07-cv-00339-W

| | |
|---|---|
| CLEAR BLUE, INCORPORATED, a North Carolina corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLEAR!BLUE, INC., a Michigan corporation, and CLEAR!BLUE, INC., a Michigan limited liability company, f/k/a CLEAR!BLUE, Inc.,<br><br>Defendants. | AMENDED PARTIAL FINAL JUDGMENT AND PERMANENT INJUNCTION |

THIS MATTER is before the Court *sua sponte* on its previous ruling on Plaintiff's Motion for Entry of Judgment (Doc. No. 68). Yesterday, the Court granted Plaintiff's motion and entered a Partial Final Judgment and Permanent Injunction (Doc. No. 70), which was narrow in scope and allowed Defendants the limited ability to continue operation in the area of "experiential marketing" as defined therein. After further review of the record and applicable law, the Court finds good reason exists to vacate the previous judgment and enter an amended judgment and permanent injunction for the reasons stated in Plaintiff's motion and those that follow.

Specifically, Defendant stipulated to liability on all counts as alleged in Plaintiff's amended complaint. This stipulation was made both on the record in open court and again through a document submission on the Court's electronic case filing system. Because that document was submitted via Cyber Clerk, it did not appear on the docket for this matter. Immediately following the hearing yesterday wherein counsel for Defendants gave the Court an update on Defendants' substantial financial hardships, the Court decided that in the interests of justice and because of the

tumultuous economic status for Defendants (as represented by counsel), the Court needed to enter judgment and a narrow injunction without haste. Now, the Court has had additional time to review the record in light of the relief requested by Plaintiff and has determined that a more broad injunction is necessary and warranted under the facts as admitted to by Defendants.

Because of the vulnerable economic situation of Defendant and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no just reason for delay in entry of this Judgment. The following shall constitute the Partial Final Judgment and Permanent Injunction in this matter:

The Defendants Clear!Blue, Inc. and Clear!Blue, LLC, f/k/a Clear!Blue, Inc. ("Defendants") having conceded and stipulated on the record in open, on September 25, 2008, that they have infringed, and are liable for infringement of, the Plaintiff's United States Trademark Registration Nos. 2,629,966 and 2,629,966 for CLEAR BLUE and CLEAR BLUE + DESIGN (hereafter "Clear Blue Marks"), respectively, and it appearing that good cause exists for entry of a Partial Final Judgment and Permanent Injunction without delay on all issues except what monetary remedy, if any, to which Plaintiff may be entitled, the Court hereby enters this Partial Final Judgment and Permanent Injunction:

1. This is an action for, *inter alia*, trademark infringement and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, and 1114(1), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), and for trademark and trade name infringement;

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367(a).

3. The Defendants have been duly served with Summonses, Complaint, and Amended

Complaint in this action, and the Court has personal jurisdiction over the Defendants.

4. The Plaintiff will sustain irreparable harm from any continuing infringement of the Clear Blue Marks by the Defendants.

5. Judgment is hereby entered in favor of Plaintiff Clear Blue, Incorporated, and against each of the Defendants on Plaintiff's claims of trademark and trade name infringement.

6. None of the Defendants have any right, title or interest in or to the Clear Blue Marks, or any marks confusingly similar thereto.

7. None of the Defendants have any right to license or offer to license the Clear Blue Marks, or any marks confusingly similar thereto, or to identify themselves in any way as a business entity having the right to use, in whole or in part, the Clear Blue Marks, or any marks confusingly similar thereto.

8. Each of the Defendants, as well as their, officers, directors, principals, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliates and all those acting on their behalf or in concert or in participation with them, shall be and hereby are, effective Wednesday, October 22, 2008, which is three weeks from entry of this Judgment, permanently enjoined from engaging in the following acts:

    (a) using the Clear Blue Marks, whether in whole or in part and regardless of other terms that may be included, or any mark, trade name, term, word or designation that is confusingly to or dilutes the Clear Blue Marks in connection with any commercial activity of the Defendants or either of them;

    (b) engaging in unfair competition or passing off with respect to the Plaintiff or its Clear Blue Marks;

    (c) using any Uniform Resource Locator including the Clear Blue Marks,

whether in whole or in part and regardless of other terms that may be included, or any mark, trade name, term, word or designation that is confusingly to or dilutes the Clear Blue Marks; and

    (d)    assisting, aiding or abetting any other person or entity in engaging in or performing any activities referred to in paragraphs (a), (b) or (c) above.

9. Defendants will forthwith in writing assign and transfer to Plaintiff within three weeks from the date of this Judgment but no later than October 22, 2008:

    (a)    all trademark applications or trademark registrations that include the Clear Blue Marks or any mark, term or designation, whether in whole or in part, and regardless of other terms that may be included, or any mark, trade name, term, word or designation that is confusingly similar to or dilutes the Clear Blue Marks, together with all good will relating thereto;

    (b)    all Uniform Resource Locators that include the Clear Blue Marks or any mark, term or designation, whether in whole or in part, and regardless of other terms that may be included, or any mark, trade name, term, word or designation that is confusingly similar to or dilutes the Clear Blue Marks, together with all good will relating thereto.

10. The Defendants further hereby waive in this proceeding, including without limitation in any proceedings brought to enforce or interpret this Partial Final Judgment and Permanent Injunction, and in any future proceedings between the parties, any and all defenses or claims that could have been asserted by the Defendants against Plaintiff, including without limitation any and all defenses, claims or contentions that Plaintiff's Clear Blue Marks are invalid or unenforceable and/or that any person or other entity other than Plaintiff has superior rights in the Clear Blue Marks.

11. Nothing in this Partial Final Judgment and Permanent Injunction is intended to waive, limit or restrict the ability of Plaintiff to seek, obtain by trial and execute a monetary recovery against the Defendants. Additionally, nothing in this Partial Final Judgment and Permanent Injunction is intended to waive, limit, or restrict Defendants' ability to defend against Plaintiff's requested remedies for monetary relief, damages, an award of Defendant's profits, as well as claims for attorneys' fees and costs under Fed.R.Civ.P. 54(d) or as may be otherwise requested as monetary relief in Plaintiff's Amended Complaint

12. This Partial Final Judgment and Permanent Injunction constitutes a final judgment, the law of this case, and shall be afforded full collateral estoppel and res judicata effect as against the Defendants and shall be enforceable as such because the Defendants have zealously litigated this matter for over a year, stipulated to liability on the eve of trial, and received full and adequate due process.

IT IS THEREFORE ORDERED that the Court's Partial Final Judgment and Permanent Injunction entered September 30, 2008, (Doc. No. 70) is hereby VACATED.

IT IS FURTHER ORDERED that Plaintiff's Plaintiff's Motion for Entry of Judgment (Doc. No. 68) is GRANTED as explained herein.

IT IS SO ORDERED.

Signed: October 1, 2008

Frank D. Whitney
United States District Judge