# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:07-cv-00339-W

| | |
|---|---|
| CLEAR BLUE, INCORPORATED, a North Carolina corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CLEAR!BLUE, INC., a Michigan corporation, and CLEAR!BLUE, INC., a Michigan limited liability company, f/k/a CLEAR!BLUE, Inc., <br><br> Defendants. | PERMANENT INJUNCTION |

THIS MATTER is before the Court on Defendants' Motion to Amend the Permanent Injunction (Doc. No. 77) and Defendants' Emergency Motion to Stay Enforcement of the Injunction (Doc. No. 78). Both motions have been fully briefed, and on October 22, 2008, the Court conducted a hearing and received oral argument on both motions. The Court GRANTS Defendants' Motion to Amend and DENIES AS MOOT Defendants' Emergency Motion to Stay.

The facts in this case are undisputed. Defendants stipulated to liability on the merits on the record in open court. The Court notes that at trial Defendants tried to characterize their stipulation as limited to an admission of "likelihood of confusion." To the contrary, the record is clear and the transcript of the hearing wherein Defendants entered the stipulation speaks for itself. Defense counsel specifically stated, "[W]e're willing to stipulate to liability on the merits." (Doc. No. 79, p. 7, lines 13-14). After defense counsel then discussed at length the sole remaining issue of remedies through both monetary and injunctive relief, the Court specifically inquired of counsel whether "you are now stipulating to liability?," to which defense counsel specifically responded,

"Yes, Your Honor." (Doc. No. 79, p. 30, lines 24-25). These statements and the transcript as a whole make it clear that Defendants, on the eve of trial, stipulated to liability on the merits as alleged in the Amended Complaint, which includes an admission, among other things, that Defendants' business activities in any scope of advertising, branding, or marketing, including experiential marketing and otherwise, under the Clear Blue mark violate the Lanham Act. Defendants made no further limitation on the stipulation, other than the reservation as to remedies. Likewise, Defendants reiterated their stipulation to liability on the merits at the hearing on the motions at bar on October 22, 2008.

Pursuant to the this unequivocal stipulation to the allegations in the Amended Complaint, as well as the abundance of evidence presented by the parties during summary judgment proceedings and the testimony presented at the trial on damages on October 3, 2008, the Court finds the following:

1. This is an action for trademark infringement and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., and 1114(1), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), and for trademark and trade name infringement.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b); 15 U.S.C. § 1121 and other applicable statutes. This Court also has original jurisdiction over this action pursuant to 28 U.S.C. §1332, as it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Ths Court has in personam jurisdiction over Plaintiff because it is a North Carolina corporation conducting business in this state and in this district.

4. This Court has in personam jurisdiction over Defendants, as Defendants were or are engaged in trademark infringement and unfair competition directed at and/or which caused damages to persons and entities residing in, located in, or doing business in the United States including the Western District of North Carolina.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 in that the Defendants are entities or individuals which transacted business, were found or had agents in this district, and because a substantial part of the events giving rise to Plaintiff's claims occurred, and a substantial portion of the affected interstate trade and commerce described below has been carried out in the Western District of North Carolina.

6. Plaintiff is in the business of advertising, marketing, and branding. Specifically, Plaintiff specializes in providing marketing plans, marketing strategies, market research, branding and branding launch and re-launch services to its customers.

7. The name "CLEAR BLUE" has been used by Plaintiff since at least early July of 1998.

8. Plaintiff owns U.S. Trademarks Registration Nos. 2,629,966 and 2,629,967 (or, collectively, the "CLEAR BLUE trademarks," "CLEAR BLUE trade name" or "CLEAR BLUE marks"), and has continually and consistently used its trademarks and trade name in commerce to identify the high quality and valuable expertise of the services it provides.

9. Plaintiff is the owner of the CLEAR BLUE trademarks which it has used in connection with its advertising and branding services since at least as early as 1998.

10. In late 2000, Defendants, without leave or approval from Plaintiff, adopted, used and

is currently using in commerce, its infringing "Clear Blue" and "Clear!Blue" marks, in connection with Defendants' advertising, marketing and branding services.

11. On October 25, 2005, Defendants' application to register its infringing mark for "Clear!Blue" mark was passed to registration on the Principal Register maintained by the United States Patent and Trademark Office.

12. On December 20, 2005, Defendants' application to register its infringing mark for "Clear Blue" mark was passed to registration on the Principal Register maintained by the United States Patent and Trademark Office.

13. Despite Plaintiff's attempt to distinguish itself from the myriad of other ad agencies in the field, in 2003, Plaintiff became aware through colleagues and clients that another advertising company, the Defendant Clear!Blue, Inc., in this action, was utilizing a similar trade name, "Clear!Blue."

14. In June 2003, an industry colleague from Boulevard Films in Charlotte, North Carolina, congratulated Plaintiff on attaining the Dunkin' Donuts® account as reported in an on-line industry journal, Adweek on-line. Knowing it had not received this account, Plaintiff immediately contacted Dunkin' Donuts® and discovered Dunkin' Donuts® had contracted with Defendant Clear!Blue, Inc. in Detroit, Michigan, who was using the confusingly similar trade name "Clear!Blue."

15. This is one of several examples that convince the Court that Defendants' services are the same or substantially similar to Plaintiff's advertising, marketing, and branding services.

16. Defendants are professionals in the advertising, marketing, and branding industry who are fully aware of the importance of uniqueness in branding and the U.S.

trademark laws.

17. Plaintiff was informed of another instance of confusion between itself and Defendants that occurred after a potential client's Internet research retrieved website addresses for both Plaintiff and Defendants' agency, leading to confusion as to the companies' affiliation and Plaintiff's relationship with Defendants.

18. Defendants are the owner of the domain names "clearblue.com," "clearblue2.com," and "clearblue.biz," which are used in conjunction with Defendants' website advertising its services.

19. On several occasions, Google, Inc., has mistakenly contacted Plaintiff for consultant services regarding the use of Internet keywords, having confused Plaintiff with Defendants' agency.

20. Due to the frequent and regular use today of Internet research, whether it be online educational databases, libraries, LexusNexus®, Westlaw®, Google®, Yahoo!® or industry journal or newspaper searches, confusion between identically named companies providing similar, if not identical, services will occur. Such confusion likely continues to occur more and more frequently between Plaintiff and Defendants' use of its infringing trade name.

21. Notwithstanding these examples of confusion in the marketplace, Plaintiff, however, has acknowledged that it is impossible to identify the exact number of times such confusion has or will occur, and it is also impossible to calculate or measure the economic loss from this confusion in order to adequately compensate Plaintiff for future infringement. Both Ms. Konieczny, who testified for Plaintiff, and Mr. Smith,

who testified for Defendants, admitted at trial that they have no specific knowledge of whether a potential client was actually confused, which further illustrates that measuring actual damages is not adequate or even possible.

22. Plaintiff has been damaged and, in the absence of relief from this Court, will continue to be damaged, by the use and registration of Defendants' infringing "Clear Blue," "Clear!Blue" and "Clear!Blueutique" marks, and the "clearblue.com," "clearblue2.com," and "clearblue.biz" domain names, in connection with Defendants' services.

23. Use of the infringing "Clear Blue," "Clear!Blue" and "Clear!Blueutique" trademarks and trade names, as well as the "clearblue.com," "clearblue2.com." and "clearblue.biz" domain names, in connection with the offer and sale of Defendants' services is likely to cause confusion, mistake or deception with respect to the source of the goods and therefore constitutes trademark infringement under Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

24. Defendants have used, and are using, in commerce, in connection with the offer and sale of advertising services the infringing marks "Clear Blue" and "Clear!Blue", which are likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin of the goods, in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

The Court has carefully considered the factors as set forth in the case of Ebay v. MercExchange, LLC, 547 U.S. 388, 391 (2006), including: (1) whether Plaintiff has demonstrated that it has suffered an irreparable injury; (2) whether remedies at law, such as monetary damages,

are inadequate to compensate for that injury; (3) whether, after considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted; and (4) whether the public interest would be served by a permanent injunction.

Here, Plaintiff has demonstrated irreparable injury, including the potential for loss of clients without even knowing that a client was misdirected in the first place, harm to goodwill, and further likelihood of confusion. Second, monetary damages cannot fully compensate Plaintiff for such irreparable harm, particularly where the parties agree it is difficult, if not impossible, to ascertain the exact number of instances of confusion or to assign an economic value to such future harm. Thirdly, although Defendants will obviously incur hardship in having to cease and desist their business operations under the current name and cease further use of the infringing trademarks, this hardship is significantly outweighed by the fact that Defendants admitted liability on the merits and also by the benefit to Plaintiff in being able to continue to provide its business services without risk of confusion in the marketplace. Finally, the public interest is served by enjoining Defendants from continuing to use trademarks when Defendants have admitted the marks infringe upon Plaintiff's marks.

Keeping these principles in mind, the Court shall issue the following permanent injunction, which has been carefully crafted by the Court to be narrowly tailored and no broader than necessary to effectuate the relief warranted under these facts.

The Defendants Clear!Blue, Inc. and Clear!Blue, LLC, f/k/a Clear!Blue, Inc. ("Defendants") having conceded and stipulated on the record in open, on September 25, 2008, that they have infringed, and are liable for infringement of, the Plaintiff's United States Trademark Registration Nos. 2,629,966 and 2,629,966 for CLEAR BLUE and CLEAR BLUE + DESIGN (hereafter "Clear

Blue Marks"), respectively, and it appearing that good cause exists for entry of a Permanent Injunction without delay on all issues, the Court hereby enters this Permanent Injunction:

1. This is an action for, *inter alia*, trademark infringement and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq*., and 1114(1), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), and for trademark and trade name infringement;

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367(a).

3. The Defendants have been duly served with Summonses, Complaint, and Amended Complaint in this action, and the Court has personal jurisdiction over the Defendants.

4. The Plaintiff will sustain irreparable harm from any continuing infringement of the Clear Blue Marks by the Defendants.

5. Judgment is hereby entered in favor of Plaintiff Clear Blue, Incorporated, and against each of the Defendants on Plaintiff's claims of trademark and trade name infringement.

6. None of the Defendants have any right, title or interest in or to the Clear Blue Marks, or any marks confusingly similar thereto.

7. None of the Defendants have any right to license or offer to license the Clear Blue Marks, or any marks confusingly similar thereto, or to identify themselves in any way as a business entity having the right to use, in whole or in part, the Clear Blue Marks, or any marks confusingly similar thereto.

8. Each of the Defendants, as well as their, officers, directors, principals, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliates and all those acting on their

behalf or in concert or in participation with them, shall be and hereby are, effective by close of business on Wednesday, October 22, 2008, permanently enjoined from engaging in the following acts:

    (a)    using the Clear Blue Marks, whether in whole or in part and regardless of other terms that may be included, or any mark, trade name, term, word or designation that is confusingly to or dilutes the Clear Blue Marks in connection with any commercial activity of the Defendants or either of them;

    (b)    engaging in unfair competition or passing off with respect to the Plaintiff or its Clear Blue Marks;

    (c)    using any Uniform Resource Locator including the Clear Blue Marks, whether in whole or in part and regardless of other terms that may be included, or any mark, trade name, term, word or designation that is confusingly to or dilutes the Clear Blue Marks, including, but not limited to, the "clearblue.com," "clearblue2.com," and "clearblue.biz" domain names; and

    (d)    assisting, aiding or abetting any other person or entity in engaging in or performing any activities referred to in paragraphs (a), (b) or (c) above.

9. Each of the Defendants, as well as their, officers, directors, principals, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliates and all those acting on their behalf or in concert or in participation with them, shall have until the close of business on Wednesday, October 29, 2008, to make ministerial transfers with state agencies, routine vendors such as utility companies, suppliers, and related entities that are not involved in the marketing,

advertising, or branding business.

10. No later than the close of business on October 22, 2008, Defendants shall cancel in writing to the appropriate party and terminate the use of all trademark applications or trademark registrations that include the Clear Blue Marks or any mark, term or designation, whether in whole or in part, and regardless of other terms that may be included, or any mark, trade name, term, word or designation that is confusingly similar to or dilutes the Clear Blue Marks.

11. No later than the close of business on October 22, 2008, Defendants shall terminate the use of all Uniform Resource Locators that include the Clear Blue Marks or any mark, term or designation, whether in whole or in part, and regardless of other terms that may be included, or any mark, trade name, term, word or designation that is confusingly similar to or dilutes the Clear Blue Marks, including, but not limited to, the "clearblue.com," "clearblue2.com," and "clearblue.biz" domain names. Defendants shall also make appropriate technical accommodations so that no redirection to another site or any identification of Defendants are made, but so that the banner shall indicate "Page Not Found." The Court does not require Defendants to assign or transfer these Uniform Resource Locators to Plaintiff.

12. The Defendants further hereby waive in this proceeding, including without limitation in any proceedings brought to enforce or interpret this Permanent Injunction, and in any future proceedings between the parties, any and all defenses or claims that could have been asserted by the Defendants against Plaintiff, including without limitation any and all defenses, claims or contentions that Plaintiff's Clear Blue Marks are invalid or unenforceable and/or that any person or other entity other than Plaintiff has superior rights in the Clear Blue Marks.

13. Nothing in this Permanent Injunction is intended to waive, limit or restrict the ability

of Plaintiff to seek, obtain by trial, execute and enforce a monetary recovery against the Defendants. Additionally, nothing in this Permanent Injunction is intended to waive, limit, or restrict Defendants' ability to defend against Plaintiff's requested remedies for monetary relief, damages, an award of Defendant's profits, as well as claims for attorneys' fees and costs under Fed.R.Civ.P. 54(d) or as may be otherwise requested as monetary relief in Plaintiff's Amended Complaint.

14. This Permanent Injunction constitutes a final judgment, the law of this case, and shall be afforded full collateral estoppel and res judicata effect as against the Defendants and shall be enforceable as such because the Defendants have zealously litigated this matter for over a year, stipulated to liability on the eve of trial, and received full and adequate due process.

IT IS THEREFORE ORDERED that the Defendants' Motion to Amend (Doc. No. 77) is GRANTED and the Court hereby VACATES the Partial Final Judgment and Permanent Injunction entered October 1, 2008 (Doc. No. 71). That Injunction shall be replaced in whole by the Permanent Injunction set forth herein.

IT IS FURTHER ORDERED that Defendants' Motion to Stay (Doc. No. 78) is DENIED AS MOOT.

IT IS SO ORDERED.

Signed: October 22, 2008

Frank D. Whitney
United States District Judge